# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| ANDREW CHIEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:09CV149 (MRK) |
| | : | |
| SKYSTAR BIO PHARMACEUTICAL CO. et al., | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

Pending before the Court is Defendants' Motion to Dismiss For Failure to State a Claim [doc. # 12], their Motion to Dismiss For Lack of Personal Jurisdiction [doc. # 13], and their Request for Judicial Notice [doc. # 14]. After the Court provided Mr. Chien notice of the Motions to Dismiss [doc. # 16], he filed a Motion for Leave to Amend [doc. # 22] and attached a First Amended Complaint. Defendants filed an Objection to the Motion to Amend [doc. # 25], and Mr. Chien responded both to Defendants' objection and to Defendants' Motions to Dismiss. *See* Mem. in Opp'n to Mot. to Dismiss [doc. # 27]. The Court granted Mr. Chien's Motion for Leave to Amend and dismissed with prejudice all claims from the original Complaint that were not reasserted by Mr. Chien in his First Amended Complaint. *See* Order [doc. # 29]. The Court also informed the parties that it would consider all briefing on the Motions to Dismiss to apply to Mr. Chien's First Amended Complaint and that no further briefing was required.

Nevertheless, Mr. Chien filed a second Motion for Leave to Amend [doc. # 30], in which he seeks to add Richardson & Patel, the law firm representing Defendants, as a Defendant in this case. The Court denies Mr. Chien's motion. The Court has already allowed Mr. Chien to amend his complaint once and Mr. Chien has not provided any reason why he waited until this late date to seek

to add an additional party, one that he was well aware of from the outset.  Moreover, while "leave to amend should be freely granted when justice so requires, courts deny such leave where the proposed amendment would be futile." *Pavao v. Town of Wallingford*, No. 3:08CV221(MRK), 2008 WL 2622768, at * 3 (D. Conn. June 26, 2008).  As explained below, Mr. Chien's amendments are futile for a multitude of reasons.[1]  Therefore, the Court denies Mr. Chien leave to amend his complaint a second time and will in this Ruling address only the claims raised by Mr. Chien in his First Amended Complaint.[2]

## I.

This is not the first occasion that the Court has had to address the dispute between Mr. Chien and Defendants.  Mr. Chien – then represented by counsel – originally filed suit against these same Defendants in May 2007, alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b),78t(a),  and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.  *See Chien v. Skystar Bio Pharmaceutical Co.*, 03:07-cv-781 (MRK).  After giving Mr. Chien the opportunity to amend his

---

[1]  In addition to the reasons applicable to all of Mr. Chien's claims, his claims against Richardson & Patel are futile for independent reasons as well.  For one, the injury Mr. Chien alleges in his First Amended Complaint occurred in November 2005, while he claims that Richardson & Patel engaged in fraud from 2007 to the present.  Obviously, Richardson & Patel cannot be responsible for an injury Mr. Chien claims he suffered in 2005 if the law firm was not even involved in these matters until 2007.  Moreover, the only concrete allegation Mr. Chien makes against Richardson & Patel is that its attorneys lied to the Court in this lawsuit and Mr. Chien's previous one. Other than this wholly conclusory assertion, Mr. Chien has alleged nothing that would suggest that Richardson & Patel acted improperly or unethically in any manner. Defending their clients against fraud allegations does not amount to conspiracy to commit fraud.

[2]  Because the Court concludes that Mr. Chien has failed to state a claim, the Court does not reach Defendants' alternative argument that the Court lacks personal jurisdiction over the individual Defendants.  Defendant Weibing Lu has not been served and more than 120 days has passed since the filing of the complaint.  Therefore, all claims against Mr. Lu are dismissed without prejudice. *See* Fed. R. Civ. Pro. 4(m).

complaint in that first action, the Court dismissed the case in its entirety in July 2008, holding that Mr. Chien had failed to plead fraud and loss causation.  Shortly before the Court dismissed his complaint, but after briefing and oral argument on the motion to dismiss, Mr. Chien's counsel withdrew his appearance on behalf of Mr. Chien, and Mr. Chien decided to proceed *pro se.* Defendants then filed a motion for sanctions under the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4(c)(1), which provides for mandatory sanctions under Rule 11 for frivolous securities actions.  The Court awarded partial sanctions against Mr. Chien and his former counsel in February 2009.  *See Chien v. Skystar Bio Pharmaceutical Co.*, 03:07-cv-781 (MRK), Ruling and Order [doc. # 106].  Mr. Chien appealed both the Court's decision dismissing the complaint and the Court's sanctions order.  *See* Notices of Removal [docs. # 77, 118].

Meanwhile, in January 2009, Mr. Chien – still proceeding *pro se* – re-filed his case against Defendants in state court.  Defendants promptly removed the state-court action to federal court.  *See* Notice of Removal [doc. # 1].  Defendants then filed their Motions to Dismiss [docs. # 13,14] and Request for Judicial Notice [doc.# 15].  Although Mr. Chien alleges many new causes of action in this second case, his new claims arise from the same events as those asserted in his first case.  Thus, the Court will assume the parties' familiarity with the facts and will not repeat them here.  *See Chien v. Skystar Bio Pharmaceutical Co.*, 03:07-cv-781 (MRK), Ruling and Order [doc. # 71] (recounting the underlying facts).

Defendants argue that the case should be dismissed on the grounds of *res judicata*.[3]

---

[3]   The defense of *res judicata* may be raised on a Rule 12(b)(6) motion to dismiss if "all relevant facts are shown by the court's own records." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (affirming dismissal of complaint on *res judicata* grounds); *see, e.g., Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 114 (2d Cir. 2000); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d

Typically, the doctrine of *res judicata*, or claim preclusion, "bars not only those claims or legal theories that were asserted in the prior action, but also those legal claims or theories that could have been asserted, regardless whether they were in fact raised by the parties, so long as they arise from the same transaction that formed the basis of the prior action." *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 153 (D. Conn. 2005). The doctrine "prevents the subsequent litigation of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Balderman v. United States Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989). As the Second Circuit has explained:

> In earlier times the doctrine of res judicata could be invoked only to bar relitigation of the same cause of action already litigated and determined . . . . The modern transaction view of the doctrine of res judicata, however, does not require that the claim subsequently asserted be based on [the] same cause of action to be barred, but permits the doctrine to be invoked to bar litigation between the same parties if the claims in the later litigation arose from the same transaction that formed the basis of the prior adjudication. . . . Under the modern rule, ordinarily, a transaction gives rise to only one claim regardless of the number of ways that the claim may be asserted.

*Ambase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 73 (2d Cir. 2003) (citations omitted); *see also Johnson v. Comm'r of Corrections*, 288 Conn. 53, 66 (2008) ("The doctrine of *res judicata* provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made.").

---

140, 144 (D. Conn. 2005). Moreover, in ruling on a motion to dismiss, a court is not limited to the factual allegations of the complaint but may consider "documents attached to the complaint as exhibits or incorporated in it by reference, to matters of which judicial notice may be taken or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Therefore, in considering a *res judicata* defense, a court may judicially notice prior pleadings, orders, judgments, and other items appearing in the court records of prior litigation that are related to the case before the Court. *See, e.g., Ambase*, 326 F.3d at 72-73; *Hackett*, 2003 WL 23100328, at *2.

Given that Mr. Chien's claims in this case arise from exactly the same events (i.e., the reverse merger completed in November 2005) and includes exactly the same parties as his previous lawsuit, the Court concludes that his lawsuit is barred by the doctrine of *res judicata*. The new facts alleged by Mr. Chien merely add embellishment or new labels to his previous cause of action. *See Saud v. Bank of New York*, 929 F.2d 916, 919 (2d Cir.1991) ( "[I]t does not matter that a [] claim was not expressly asserted in the [earlier action], 'for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'") (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir.1977)).   As this Court has previously noted, a plaintiff "cannot escape the operation of the doctrine of *res judicata* by inventing new legal labels or theories to place upon the same cause of action that has already been adjudicated." *Media Group, Inc. v. Tuppatsch*, 298 F. Supp. 2d 235, 245 (D. Conn. 2005).   Mr. Chien has argued at various points that his former counsel is responsible for the omissions in his previous lawsuit and that he should not be punished for his former counsel's errors.   Mr. Chien may have a claim against his prior counsel for malpractice, but that does not allow him to circumvent the doctrine of *res judicata*.  *See generally* Restatement 2d of Judgments, § 20 (outlining exceptions to *res judicata*, not including error of counsel).   In our legal system, litigants choose their own counsel, and fairly or not, Mr. Chien must pay the price for any errors he says his counsel made.[4]

However, the Court has decided that it would be prudent to address Mr. Chien's claims, if only so that Mr. Chien will know that his claims would fail even if his claims were not barred by the

---

[4] *Res judicata* would not apply to the claims that Mr. Chien ostensibly brings on behalf of his family members and Kin Yuet Li.  These claims fail for other reasons that are explained below. Neither would *res judicata* bar his claims against Richardson & Patel, if the Court were to permit him to add Richardson & Patel as a party.

doctrine of *res judicata*.  The Court turns to them now.

## II.

**Count 1: Breach of Fiduciary Duty**

In Count 1, Mr. Chien alleges that Defendants violated their fiduciary duties to the company's shareholders when they issued 323 million shares of Skystar stock to themselves in return for extinguishing their claims to unpaid compensation;  according to Mr. Chien, this amounts to an "unjustified rich payment."[5]  Mr. Chien's breach of fiduciary duty claim is derivative in nature – that is, it is a claim in which a shareholder must bring suit in the name of the corporation.  It is not a claim that belongs to Mr. Chien individually.

As the Connecticut Supreme Court has explained:

> [I]ndividual stockholders cannot sue the officers at law for damages on the theory that they are entitled to damages because mismanagement has rendered their stock of less value, since the injury is generally not to the shareholder individually, but to the corporation – to the shareholders collectively.  In this regard, it is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding 'secondarily,' deriving his rights from the corporation which is alleged to have been wronged.

*Yanow v. Teal Industries, Inc.*, 178 Conn. 262, 281 (1979) (citations omitted); *see also Fink v. Golenbock*, 238 Conn. 183, 200 (1996);  *Halo Tech Holdings, Inc. v. Cooper*, No. 3:07-CV-489 (AHN), 2008 WL 4080081, at *3 (D. Conn. 2008) ("[A]n individual shareholder cannot pursue a [direct] cause of action [and recover individually] against third parties for wrongs or injuries to a corporation in which he or she holds stock, even if the stockholder suffers a harm that flows from

---

[5]  For ease of discussion, the Court will refer to both Skystar Bio Pharmaceutical Co. and its predecessor corporation, CGPN, as "Skystar."

the injury to the corporation, such as a reduction in the value of his or her stock.").[6]   Here,  Mr. Chien

seeks to recover damages for the loss of value to his stock caused by what he alleges was an

improper issuance of stock to Defendants.   He does not allege "a loss separate and distinct from that

of the corporation" that would allow him to bring an individual claim.   *See Yanow*, 178 Conn. at 282;

*Guarnieri v. Guarnieri*, 104 Conn. App. 810, 819 (Conn. App. Ct. 2007);  *see also In re Ionosphere*

*Clubs*, 17 F.3d 600, 605 (2d Cir. 1994) ("[W]here a wrong has been committed by a third party

against a corporation, shareholder intervention is necessary to cause the corporation to sue for

rectification of the wrong. The classic case occurs where officers or directors of the corporation

appropriate for themselves (or their friends) an opportunity of the corporation, or embezzle its

funds.");  *Primavera Familienstiftung v. Askin*, 130 F. Supp. 2d 450, 494 (S.D.N.Y. 2001) ("A claim

for corporate mismanagement is derivative because, where a corporation is mismanaged and

therefore suffers an injury, with a resulting diminution in the value of the stock, the claim belongs

to the corporation rather than the shareholders.").

   It is difficult to understand why Mr. Chien believes he has a direct claim against Defendants

for breach of fiduciary duty.   He appears to argue that his voting rights as a shareholder of Skystar

have been affected by Defendants' breach, and cites *Lipton v. News Int'l PLC*, a case in which the

---

   [6]   Defendants appear to be operating under the assumption that Connecticut law applies to
Mr. Chien's derivative claims, although they mention that Mr. Chien's derivative claims would also
fail under the laws of Nevada, the state in which Skystar is incorporated.  In determining standing,
"courts differ on whether to apply the law of the state in which the suit is brought or the law of the
state of incorporation." *Halo Tech Holdings*, 2008 WL 4080081, at * 3.  Here, however, both Nevada
and Connecticut law bar Mr. Chien's derivative claims, and therefore, the Court need not perform
a choice of law analysis.  *See Leahy v. New Eng. Motor Freight, Inc.*, CV054010227S, 2008 WL
4683908, at * 2 (Conn. Super. Ct. Oct. 3, 2008) ("The threshold choice of law issue in Connecticut,
as it is elsewhere, is whether there is an outcome determinative conflict between applicable laws of
the states with a potential interest in the case. If not, there is no need to perform a choice of law
analysis, and the law common to the jurisdiction should be applied.").

court held that a stockholder could bring a direct action if he alleges "a wrong involving a contractual right of a shareholder, such as the right to vote, or to assert majority control, which exists independently of any right of the corporation." 514 A.2d 1075, 1078 (Del. 1986).  It is true that as a result of the issuance of shares to Defendants, Mr. Chien's voting power decreased because as a result of the issuance of shares, he owned a smaller percentage of the outstanding shares.  But that is true of all of Skystar's shareholders; in that regard, Mr. Chien is not unique at all.  More fundamentally, the wrong Mr. Chien alleges is not connected to his voting rights as a shareholder. He does not allege that he lost majority control of the company (nor could he) or that he was unable to prevent the reverse merger (which, by all accounts, he supported).  Instead, Mr. Chien's sole complaint is that his stock lost value because of the issuance of shares to Defendants in connection with the reverse merger.  This injury, if it occurred, is an injury to the corporation, not a special injury to Mr. Chien.  And, in fact, Mr. Chien conceded as much in his original Complaint.  *See* Notice of Removal [doc. # 1] Ex. A, ¶ 66 ("Defendants had and have fiduciary duties of loyalty, good faith and due care to the Company's property and *all shareholders' interests* . . . Unfortunately, they violated all these.") (emphasis added).

Having concluded that Mr. Chien's breach of fiduciary duty claim is derivative in nature, the Court further concludes that Mr. Chien lacks standing to bring the claim.  For "[o]nce a shareholder disposes of his shares, he loses standing to bring a derivative action." *Halo Tech Holdings*, 2008 WL 4080081, at * 3;  *see also Guarnieri*, 104 Conn. App. at 821 (holding that a shareholder who disposes of his shares loses standing to bring a derivative action; "[n]o longer a shareholder in the corporation, the defendant cannot maintain a derivative action on its behalf"); *Cohen v. Mirage Resorts, Inc*., 119 Nev. 1, 19 (2003) ("[A] former shareholder has no standing to sue for breach of

fiduciary duty on a derivative claim."). According to Mr. Chien, he sold all his shares of Skystar stock as of July 2008, a full six months before he filed this lawsuit in state court. *See* Compl.[doc. # 1] at 39. He is, therefore, a former shareholder and does not have standing to pursue a derivative action.

Even if Mr. Chien were a current shareholder, the Court would not allow him to proceed with his derivative action. This is so because in order to bring a derivative action a plaintiff must be found to "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Conn. Gen. Stat. § 52-572j; *see also* Fed. R. Civ. Pro. 23.1(a); Nev. R. Civ. Pro. 23.1 ("The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association."). The Court does not believe that Mr. Chien can fairly and adequately represent the interests of Skystar's shareholders for many reasons, chief among them that Mr. Chien is unrepresented and proceeding *pro se*; that he struggles with the English language; that he seems to lack even a basic understanding of the law; that he was previously sanctioned for bringing a frivolous lawsuit against these same Defendants; and that he has exhibited an animosity towards Defendants that is above and beyond what is generally expected during the normal course of litigation. *See Phillips v. Tobin*, 548 F.2d 408, 413-15 (2d Cir. 1976) (holding that *pro se* litigant cannot act as representative in derivative suit and stating that "[w]e can find no reason or justification for permitting the corporation or the other shareholders to be subjected, involuntarily, to the risks of this plaintiff's transgressions, distractions and deficiencies as their advocate").

In his First Amended Complaint, Mr. Chien also attempts to asserts claims on behalf of his

wife and son, and on behalf of an individual named Kin Yuet Li.  There is no legal basis for Mr.

Chien to do so.  Mr. Chien is not an attorney and cannot represent these individuals and, as explained

above, he cannot bring a derivative claim on their behalf.  *See United States ex rel. Mergent Servs.*

*v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as  an attorney 'may

not appear on another person's behalf in the other's cause.'") (citing *Machadio v. Apfel*, 276 F.3d 103,

106 (2d Cir. 2002).  Moreover, it appears from the face of the original and First Amended Complaint

that these individuals are also past, not current, shareholders, and thus would be unable to bring a

derivative action, even if they did so on their own behalf.  *See* Notice of Removal [doc. # 1] Ex. A

("Records of Purchases and Sales"); Am. Compl. [doc. # 22] ¶ 95.

    At times, Mr. Chien speaks of *representing* his family members and Mr. Li.  *See* Am.

Compl. [doc. # 22] ¶ 3.  Elsewhere, he indicates that Mr. Li has assigned his legal rights to Mr.

Chien.  *See id.* ¶ 2.  Mr. Chien has attached to the First Amended Complaint a "Customer

Agreement," in which Kin Yuet Li assigns his legal rights to USChina Channel LLC, a corporation

which is apparently owned by Mr. Chien.  It is not entirely clear whether Mr. Chien is attempting

to represent Mr. Li or whether he contends that Mr. Li has assigned his legal rights to Mr. Chien.

However, assigning Mr. Li's legal rights to USChina Channel LLC is not equivalent to assigning his

legal rights to Mr. Chien himself.  Mr. Chien is separate from any corporation he may own and as

a *pro se* litigant, he may not represent USChina Channel LLC anymore than he can represent Mr.

Li.  *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. Conn. 2007) ("[A] sole member limited

liability company must be represented by counsel to appear in federal court.").  Moreover, he cannot

circumvent this rule by having USChina Channel LLC assign its legal rights to Mr. Chien.  *See Jones*

*v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 23 (2d Cir. 1983) (holding that corporation

could not assign rights to *pro se* litigant to circumvent rule that corporation must be represented by licensed attorney).[7]

Finally, Mr. Chien's breach of fiduciary duty claim is time barred.  In Connecticut, "[b]reach of fiduciary duty is a tort action governed by the three year statute of limitations."  *Ahern v. Kappalumakkel*, 97 Conn. App. 189, 192 (Conn. App. Ct. 2006);  *see also* Conn. Gen. Stat. § 52-577.[8]  Mr. Chien alleges that Defendants breached their fiduciary duty in connection with the issuance of shares to Defendants and the reverse merger, which was completed in November 2005. Mr. Chien filed his suit in January 2009, more than three years after the alleged breach occurred.[9]

Mr. Chien argues that Defendants fraudulently concealed their breach of fiduciary duty and, therefore, that his claim for breach of fiduciary duty is timely.  *See* Conn. Gen. Stat. § 52-595 ("If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.").  Mr. Chien bears the burden of pleading sufficient facts showing that the statute of limitations period should be tolled. *See In re Publ'n Paper Antitrust Litig.*, No. 304M D1631SRU, 2005 WL 2175139, at *3 (D. Conn.

---

[7]  Even if Mr. Li had properly assigned his legal rights to Mr. Chien, the claims would fail for the same reasons that Mr. Chien's own claims fail: most of the claims are derivative in nature and the Court does not believe Skystar's shareholders would be adequately represented by Mr. Chien, Mr. Li appears to be a former shareholder and thus lacks standing, most of the claims are barred by the statute of limitations, and many of the claims fail on the merits.

[8]  For rights that existed at common law, courts apply the statute of limitations of the forum state.  *See Baxter v. Sturm, Ruger & Co.*, 230 Conn. 335, 347 (1994).

[9]  Mr. Chien claims that he filed his lawsuit on December 29, 2008.  The Connecticut judicial website lists his lawsuit as having been filed on January 13, 2009.  *See* Request for Judicial Notice [doc. # 14] Ex. 3.  In either case, more than three years passed between the reverse merger in November 2005 and the filing of this lawsuit.

2005).  Moreover, a claim of fraudulent concealment must meet the heightened pleading standard of Rule 9(b) of the *Federal Rules of Civil Procedure*.  *See OBG Tech. Servs. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490, 504 (D. Conn. 2007).

Although Mr. Chien alleges many fraudulent statements made by Defendants from 2005 to present, he never states precisely what information he lacked in November 2005 that made it impossible to bring his claim or which of Defendants' statements fraudulently concealed that information from him.  Nor does he explain when and how he came to possess what he claims was previously-concealed information.  Since, according to Mr. Chien, Defendants are still fraudulently concealing information from him, he must have received the information from an independent source.  Yet Mr. Chien fails to disclose when he became aware of his cause of action and how he obtained that information.  Mr. Chien's allegations of fraudulent concealment simply do not meet the heightened pleading requirement of Rule 9(b).  *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (Under Rule 9(b), a plaintiff must "explain why the statements were fraudulent.").

As the Court has previously explained, all of the facts relevant to Mr. Chien's breach of fiduciary duty claim were disclosed to the public, at the very latest, by November 14, 2005, more than three years before Mr. Chien filed suit.  In fact, internet postings by Mr. Chien indicate that Mr. Chien himself was aware that Defendants would receive stock in exchange for unpaid debt the company owed them.  *See Chien v. Skystar Bio Pharmaceutical Co.*, 03:07-cv-781 (MRK), Ruling and Order [doc. # 106].  These postings – which directly contradicted the allegations in his complaint – formed part of the basis for sanctioning Mr. Chien in the previous case.

Indeed, Mr. Chien comes close to admitting that all of the relevant information was available to the public as of November 2005.  In the First Amended Complaint, he states that "[t]he real story

-12-

is that when November 11, 2005's 8K filed, 95% of shareholders didn't read 8k and didn't know the issuance of 323 millions of new shares until they received copies of Form DEF 14C at the end of January 2006."  Am. Compl. [doc. # 22] ¶ 28.  That may be true, but Defendants cannot be said to have fraudulently concealed Mr. Chien's cause of action on account of the fact that Mr. Chien did not read Defendants' public disclosures.  Fraudulent concealment requires the plaintiff to show that "it would have been impossible for a reasonably prudent person to learn about his or her cause of action."  *Rogers v. Apicella*, 606 F. Supp. 2d 272, 283 (D. Conn. 2009) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002)).  A reasonably prudent person would have read the public disclosures provided by the company and would have become aware of the issuance of stock to Defendants.

In sum, Mr. Chien lacks standing to bring a claim for breach of fiduciary duty and in any event, is not an appropriate representative for a derivative suit even if he did have standing.  In addition, his claim is time barred.  Accordingly, the Court grants Defendants' Motion to Dismiss Count 1 of the First Amended Complaint.

**Count 2: Connecticut Unfair Trade Practices Act (CUTPA)**

Mr. Chien also brings a claim under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.*, relying on much the same allegations made in relation to his breach of fiduciary duty claim.  For similar reasons, Mr. Chien's CUTPA claim is also derivative in nature. The injury he alleges is an injury to all shareholders – that is, Defendants were unjustly enriched as a result of the fraudulent issuance of stock in connection with the reverse merger in November 2005. If true, the Defendants' actions would affect the price of all shareholders' stock, not just Mr. Chien's.

In an attempt to present his claim under CUTPA as a direct and individual claim, Mr. Chien

mentions that a security is an investment contract and that he had voting rights as a shareholder. These facts are correct, but irrelevant. Otherwise, every derivative claim could be disguised as a direct claim merely by mentioning that the plaintiff has certain rights as a shareholder. As explained above, it is the nature of the injury that determines whether the claim is a direct or a derivative claim. Here, the injury is to the corporation; it is not a special injury inflicted on Mr. Chien. *See Halo Tech Holdings*, 2008 WL 4080081, at * 2 (dismissing CUTPA claim against corporation because plaintiff was not a current shareholder). As noted previously, as a former shareholder, Mr. Chien lacks standing to bring a derivative claim, and he would not be an appropriate representative even if he were a current shareholder. Nor, as explained above, can he bring either a direct or derivative claim on behalf of his family members or Kin Yuet Li.

Moreover, Mr. Chien's claim is barred by CUTPA's three-year statute of limitations. *See* Conn. Gen. Stat. § 42-110g. Again, all of the facts relevant to Mr. Chien's CUTPA claim were disclosed to the public, at the very latest, by November 14, 2005. Although Mr. Chien references various other "deceptive actions" that occurred in 2007 and 2008, these actions all appear to relate to what Mr. Chien believes was a massive cover up of the alleged fraud perpetrated in 2005. Under Conn. Gen. Stat. § 52-595, even if there were fraudulent concealment of some sort, the statute of limitations is only tolled until "[t]he date the plaintiff first discovers an injury." *Byrne v. Burke*, 112 Conn. App. 262, 272 (Conn. App. Ct. 2009). Any actions undertaken by Defendants after Mr. Chien had knowledge of the elements of his claim are irrelevant to the question of equitable tolling.

Finally, "CUTPA does not apply to deceptive practices in the purchase and sale of securities" or indeed any area over which the Securities and Exchange Commission would have jurisdiction. *Russell v. Dean Witter Reynolds, Inc.*, 200 Conn. 172, 180 (1986); *see also Olsavsky v. Casey*, No.

-14-

5-92-324 (WWE), 1992 WL 363573, at * 4 (D. Conn. Nov. 2, 1992).  The gravamen of Mr. Chien's complaint is that he was induced into purchasing Skystar stock due to the fraudulent misrepresentations and omissions of Defendants.  These allegations are outside the scope of CUPTA. *See also Taurus Advisory Group v. Sector Mgmt.*, CV 960150830, 1997 WL 241153, at * 3 (Conn. Super. Ct. May 6, 1997) ("CUTPA does not apply to the internal business affairs and workings of partnerships, intracompany disputes among shareholders, disputes between officers and shareholders, or to participants in a joint venture.").

In sum, Mr. Chien lacks standing to bring a derivative claim under CUPTA and is not an appropriate representative even if he did have standing.  In addition, the complaint fails to state a claim and is time barred.  Accordingly, the Court grants Defendants' Motion to Dismiss Count 2 of the First Amended Complaint.

## Count 3: Connecticut Uniform Fraudulent Transfer Act (CUFTA)

In this count, Mr. Chien alleges that Defendants violated the Connecticut Uniform Fraudulent Transfer Act (CUFTA) when they transferred newly-issued stock to Defendants in connection with the November 2005 reverse merger.  In order to have standing to bring a claim under CUFTA, Mr. Chien must have been a creditor at the time the alleged fraudulent transfer took place.  *See* Conn Gen. Stat. § 52-552e(a) ("A transfer made or obligation incurred by a debtor is fraudulent as to a creditor [only if] the creditor's claim arose before the transfer was made or the obligation was incurred.");  *Schultz v. Direct Mail Servs*., No. CV 305653, 1996 WL 63011, at * 2 (Conn. Super. Ct. Feb. 1, 1996) ("[T]he plaintiff has failed to establish he was a 'creditor' within the meaning of General Statutes § 52-552b(4) because he has not established that he had a 'right to payment,'

-15-

pursuant to General Statutes § 52-552b(3), before the transfer occurred.").[10]  Mr. Chien does not

allege that he was a creditor of Skystar or Defendants at the time the alleged fraudulent transfer took

place.  Rather, he was a shareholder, a partial owner of Skystar.[11]

Therefore, Mr. Chien lacks standing to bring a claim under CUFTA.  Accordingly, the Court

grants Defendants' Motion to Dismiss Count 3 of the First Amended Complaint.

## Count 4: Forgery

It is difficult to discern precisely what forgery Mr. Chien believes occurred.  However, it

appears that he believes that the alleged fraudulent statements and misrepresentations in Skystar's

SEC filings and press releases amount to forgery.[12]  Forgery is a particular subspecies of fraud.  In

other words,  all forgeries must meet the requirements of fraud, but not all frauds are forgeries.  A

person commits forgery when:

> he makes or draws a complete written instrument in its entirety, or an incomplete
> written instrument, which purports to be an authentic creation of its ostensible maker
> or drawer, but which is not such either because the ostensible maker or drawer is
> fictitious or because, if real, he did not authorize the making or drawing thereof.

Conn. Gen. Stat. § 53a-137;  *see also* Conn. Gen. Stat. § § 53a-140 ("A person is guilty of forgery

---

[10] A "creditor" is defined in CUFTA as "a person who has a claim." Conn Gen. Stat § 52-552b(4).  A "claim" in turn is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."  *See id.* § 52-552b(3).

[11] Moreover, as with Mr. Chien's other claims, his claim under CUFTA is also derivative in nature and therefore, he lacks standing to pursue it.  It is clear that the alleged fraudulent transfers caused an injury to the corporation, not to Mr. Chien individually.

[12] Defendants argue that there is no civil cause of action for forgery under Connecticut law, but Defendants are incorrect.  *See* Conn. Gen. Stat. § 52-565 ("Any person who falsely makes, alters, forges or counterfeits any document or knowingly utters, as true, any document falsely made, altered, forged or counterfeited, shall pay double damages to any party injured thereby.").

in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument, or issues or possesses any written instrument which he knows to be forged."); *see also Benvenuti Oil Co. v. Foss Consultants, Inc.*, No. 01559862, 2003 WL 21977974, at * 16 (Conn. Super. Ct. Aug. 1, 2003).

Forgery requires that the fraud relate to the drafter of the document, not to the factual contentions contained therein. The quintessential example is a forged check. It is a forgery because the ostensible signer of the check did not authorize the signing. *See also* Black's Law Dictionary, 661 (defining forgery as "[a] false or altered document made to look genuine by someone with the intent to deceive"). Here, Mr. Chien does not allege that Defendants created documents that purported to come from fictitious individuals or from real individuals that did not authorize them. The tort of forgery is simply not applicable to the facts alleged in Mr. Chien's complaint.

Therefore, the Court grants Defendants' Motion to Dismiss on count 4 of the First Amended Complaint.

**Count 5: Civil Theft**

Mr. Chien's allegations of civil theft, *see* Conn. Gen. Stat. § 53a-137, are the same as those made in relation to his other causes of action, namely, that Defendants wrongly appropriated new shares of Skystar's stock in connection with the reverse merger. *See* Am. Compl. [doc. # 22] ¶¶ 112-13. Mr. Chien does not allege that Defendants stole from him *personally*. Rather, he alleges that Defendants stole from the corporation, which in turn decreased the value of his stock. This is a derivative claim, and as previously noted, Mr. Chien lacks standing to bring it. Moreover, civil theft is governed by the three-year statute of limitations for tort actions. *See Certain Underwriters at Lloyd's, London v. Cooperman*, 289 Conn. 383, 408 (2008); Conn. Gen. Stat. § 52-577. The alleged

theft occurred in November 2005, more than three years before Mr. Chien filed suit and, as explained

above, Mr. Chien cannot avail himself of the equitable tolling provision found in Conn. Gen. Stat.

§ 52-595 because he was aware of all of the facts relevant to his civil theft claim in November 2005.

Therefore, the Court grants Defendants' Motion to Dismiss Count 5 of the First Amended

Complaint.

**Count 6: Conspiracy**

In this count, Mr. Chien alleges that Defendants conspired to fraudulently obtain Skystar

stock in exchange for what Mr. Chien believes was fabricated unpaid compensation. As the

Connecticut Supreme Court has stated:

> There is no independent claim of civil conspiracy. Rather, the action is for damages
> caused by acts committed pursuant to a formed conspiracy rather than by the
> conspiracy itself. . . . Thus, to state a cause of action, a claim of civil conspiracy must
> be joined with an allegation of a substantive tort.

*Larobina v. McDonald*, 274 Conn. 394, 408 (2005). Mr. Chien has not adequately plead any

substantive tort; therefore, his conspiracy claim fails as well.

Moreover, the conspiracy claim independently fails for much the same reasons as his other

claims. "A civil conspiracy action is governed by a three year statute of limitation pursuant to § 52-

577." *Carlson v. Smith*, No. CV 960055299S, 1999 WL 989601, at * 5 (Conn. Super. Oct. 19,

1999). Mr. Chien appears to allege that the conspiracy began as early as 2003, but there is no doubt

that it ended in November 2005, with the completion of the reverse merger. More than three years

passed between the end of the conspiracy and the filing of Mr. Chien's lawsuit. It is therefore time-

barred. Finally, his conspiracy claim, like his other claims, are derivative in nature and Mr. Chien

lacks standing to bring a derivative claim.

Therefore, the Court grants Defendants' Motion to Dismiss Count 6 of the First Amended Complaint.

**Counts 7 and 8: Securities Fraud**

Although Mr. Chien's original Complaint alleged eleven separate causes of action relating to securities fraud, his First Amended Complaint asserts only two claims: a violation of § 10(a) of the Securities Exchange Act and a violation of § 20(a) of the Securities Exchange Act. Moreover, he acknowledges that his own securities fraud claims are on appeal and, therefore, Mr. Chien asserts these two securities fraud claims on behalf of Kin Yuet Li only. *See* First Amended Complaint ¶ 118 ("'These securities fraud claims coincided with the standard of the Private Securities Litigation Act [sic] ("PSLRA"). Because Chien's portion of the invest loss claims are in the appealing process, we are not to repeat here. However, Kin Yuet Li's portion of the invest loss is still being claimed here."). As the Court explained above, Mr. Chien is not permitted to represent Mr. Li in this lawsuit. He is not a lawyer and has no other relationship with Mr. Li that would allow him to serve in a representative capacity. Moreover, any claim arising from the November 2005 reverse merger would be barred by the two-year statute of limitations for securities fraud actions. *See Shah v. Meeker*, 435 F.3d 244, 248-249 (2d Cir. 2006).

Therefore, the Court grants Defendants' Motion to Dismiss Counts 7 and 8 of the First Amended Complaint.

## III.

In sum, the Court GRANTS Defendants' Motion to Dismiss For Failure to State a Claim [doc. # 12]. Therefore, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [doc. # 13] is DENIED without prejudice as moot. Defendants' Request for Judicial Notice [doc. # 14] is

GRANTED in part and DENIED in part without prejudice to renewal.  The request is granted with respect to exhibits 1-3 insofar as the Court relied on its previous rulings in Mr. Chien's first lawsuit, *Chien v. Skystar Bio Pharmaceutical Co.*, No. 03:07-cv-781.  The request is denied with respect to exhibit 4, as the Court did not rely upon that exhibit in this ruling.   Mr. Chien's second Motion for Leave to Amend [doc. # 30] is DENIED as untimely, made without good cause and as futile. Defendants shall file any motion for sanctions by July 17, 2009.

**The Clerk is directed to enter judgment in favor of the Defendants, and close this file.**

IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at New Haven, Connecticut: June 8, 2009.**