UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN, | : |
| Plaintiff, | : |
| v. | : NO. 3:09CV149 (MRK) |
| SKYSTAR BIO PHARMACEUTICAL CO., et al., | : |
| Defendants. | : |

## RULING AND ORDER

On June 8, 2009, the Court granted Defendants' Motion to Dismiss and dismissed this action in its entirety. *See* Ruling and Order [doc. # 31]. Thereafter, Defendants filed a Motion for Sanctions [doc. # 36] against Mr. Chien under Rule 11 of the *Federal Rules of Civil Procedure* and the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4(c). Mr. Chien responded to Defendants' sanctions motion with a Motion to Dismiss Defendants' Motion for Sanctions [doc. # 43], and also filed his own Motion for Sanctions [doc. # 41]. Mr. Chien has also filed a Motion for Enlargement of Time to Submit Affidavit [doc. # 45]. For the reasons that follow, Defendants' Motion for Sanctions [doc. # 36] is GRANTED in part and DENIED in part. Mr. Chien's Motion to Dismiss Defendants' Motion for Sanctions [doc. # 43], his own Motion for Sanctions [doc. # 41], and his Motion for Enlargement of Time to Submit Affidavit [doc. # 45] are DENIED.

This is far from the first occasion that the Court has had to address the dispute between Mr. Chien and the Defendants. As the facts and law have been set out at length previously, there is no need to reiterate them here, and the Court assumes familiarity with its prior rulings. *See Chien v.*

1

*Skystar Bio Pharmaceutical Co.*, 566 F. Supp.2d 108 (D. Conn. 2008) (dismissing the previous action, 03:07-cv-781, arising from the same events); *Chien v. Skystar Bio Pharmaceutical Co.*, 256 F.R.D. 67 (D. Conn. 2009) (granting sanctions in the previous action, 03:07-cv-781); Ruling and Order [doc. # 31], ___ F.Supp.2d ___, 2009 WL 1606451 (D. Conn. June 8, 2009) (dismissing the current action).  It is sufficient briefly to recount the procedural history.

Mr. Chien, represented by counsel, originally filed suit against these same Defendants in May 2007, alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.  *See Chien v. Skystar Bio Pharmaceutical Co.*, 03:07-cv-781 (MRK).  After giving Mr. Chien an opportunity to amend his complaint in that first action, the Court dismissed the case in its entirety in July 2008, holding that Mr. Chien had failed to plead fraud and loss causation.  Shortly before the Court dismissed the case, but after briefing and oral argument on the motion to dismiss, Mr. Chien's counsel withdrew his appearance on behalf of Mr. Chien, and Mr. Chien proceeded thereafter *pro se*.  Defendants then filed a motion for sanctions under the PSLRA, which provides for mandatory sanctions under Rule 11 for frivolous securities actions.  The Court awarded partial sanctions against Mr. Chien and his former counsel in February 2009.  Mr. Chien appealed both the Court's decision dismissing the complaint and the Court's sanctions order.  *See Chien v. Skystar Bio Pharmaceutical Co.*, 03:07-cv-781 (MRK), Notices of Appeal [docs. # 77, 118].

Meanwhile, in January 2009, Mr. Chien – still proceeding *pro se* – filed a second action against the same Defendants in state court.  Defendants promptly removed the state-court action to federal court and the case was assigned to the undersigned.  *See* Notice of Removal [doc. # 1].  Defendants then filed their Motions to Dismiss [docs. # 13, 14] and Request for Judicial Notice

[doc.# 15].  The Court permitted Mr. Chien to amend his complaint once, and Mr. Chien unsuccessfully sought to amend his complaint a second time to sue the lawyers representing the Defendants.  Although Mr. Chien alleged many new causes of action in his second case, his newly-asserted claims arose from the same events and included the same parties as his previous lawsuit.  The Court thus concluded that Mr. Chien's second lawsuit was barred by the doctrine of *res judicata*.  *See* Ruling and Order [doc. # 31].  Nevertheless, the Court also proceeded to address the merits of each of Mr. Chien's claims, and concluded that they would fail for a variety of reasons even if they were not precluded.  *See id.*

The legal standard for sanctions under the PSLRA and Rule 11 was discussed by the Court at length in its prior ruling on this issue, and the Court will not repeat that discussion in this opinion.  *See Chien*, 256 F.R.D. at 71-75.  Suffice it to say that the Court applies the same standard here.  The only questions that need to be decided on the current motion are whether the claims raised by Mr. Chien in this second lawsuit were frivolous under Rule 11(b)(2), and whether the fact that Mr. Chien is proceeding *pro se* alters the analysis under Rule 11 and the PSLRA.

For a claim to violate Rule 11(b)(2), a pleading "must be or border on the frivolous."  *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) (citing *Aid Auto Stores, Inc. v. Cannon*, 525 F.2d 468, 471 (2d Cir. 1975)); *see also id*. ("Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success.") (quotation marks and citation omitted); *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 224 (2d Cir. 2002) (using frivolousness as the relevant standard under Rule 11(b)(2)).  The standard for triggering the award of fees under Rule 11(b)(2) is "objective unreasonableness."  *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000); *see also Calloway v. Marvel Entm't Group*, 854 F.2d 1452, 1470 (2d Cir. 1988); *Storey v. Cello Holdings, L.L.C.*, 182 F. Supp.

2d 355, 365 (S.D.N.Y. 2002). There is no "'empty-head pure-heart' justification for patently frivolous arguments" under Rule 11. *See Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166 (2d Cir. 1999). The subjective intent of the filer is irrelevant. *See Knipe v. Skinner*, 19 F.3d 72, 75 (2d Cir. 1994). "Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Simply put, subjective good faith . . . provides [no] safe harbor." *Id*. (quotation marks and citations omitted).

The Court has little trouble determining that Mr. Chien's complaint in this case was frivolous. Mr. Chien's claims arose from the same events and included the same parties as similar claims already dismissed on their merits by this Court in the previous action. Mr. Chien merely sought to embellish or add new labels to his previous cause of action. Furthermore, as discussed at length in the ruling on the motion to dismiss, his new claims were also barred by relevant statutes of limitations or were not cognizable as a matter of law. The Court has no doubt, therefore, that Mr. Chien's claims had absolutely no chance of success and were objectively unreasonable.

However, a determination of frivolousness does not end the inquiry. In general, where a party is represented by counsel, sanctions for the legal insufficiency or frivolousness of a pleading run against the attorney alone. *See* Fed. R. Civ. Pro. 11(c)(5) ("The court must not impose a monetary sanction: (A) against a represented party for violating Rule 11(b)(2)."); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1118 (11th Cir. 2001) ("Rule 11 does not permit sanctioning a client, however, when the basis for the sanction is that the pleading was legally frivolous."); *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 57 (2d Cir. 2000) ("The district court also cannot order sanctions for violation of Rule 11(b)(2) against a represented party."). Here, Mr. Chien

is proceeding *pro se*. Nevertheless, Defendants argue that *pro se* litigants are also subject to Rule 11 sanctions. *See* Memorandum of Law in Supp. of Defs.' Mot. for Sanctions [doc. # 38] ("Defs.' Memo") at 10.

The Court agrees with Defendants and concludes that Rule 11 sanctions should be imposed on Mr. Chien as a *pro se* litigant. The plain language of Rule 11 only prohibits sanctions under Rule 11(b)(2) against a *represented* party. *See* Fed. R. Civ. Pro. 11(c)(5). Accordingly, courts in the Second Circuit have recognized the availability of Rule 11 sanctions against *pro se* litigants. As the Second Circuit stated in *Maduakolam v. Columbia Univ.*, 866 F.2d 53 (2d Cir. 1989), "Rule 11 applies both to represented and *pro se* litigants." *Id.* at 56; *see also, e.g.*, *Baasch v. Reyer*, 827 F. Supp. 940, 944 (E.D.N.Y. 1993) (imposing sanctions against a *pro se* party); *Colida v. Nokia, Inc.*, No. 07 Civ. 8056(KMW)(HBP), 2008 WL 4517188, at *11-*12 (S.D.N.Y. May 6, 2008) (same); *Malley v. New York City Bd. of Educ.*, 207 F.Supp.2d 256, 259 (S.D.N.Y. 2002) ("The fact that a litigant appears *pro se* does not shield him from Rule 11 sanctions because one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.") (internal quotation marks and citation omitted).

However, a court should not lightly impose sanctions on a *pro se* litigant, for ordinarily, *pro se* parties are held to much more lenient standards than attorneys. Therefore, in determining whether to impose sanctions on a party proceeding *pro se*, "the court may consider the special circumstances of litigants who are untutored in the law." *Maduakolam*, 866 F.2d at 56; *see also Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 16 (E.D.N.Y. 1996) ("Although Rule 11 applies to *pro se* litigants, *pro se* litigants are held to a more lenient standard than professional counsel, with Rule 11's application determined on a sliding scale according to the litigant's level of sophistication."). In

general, courts have been more willing to sanction a *pro se* litigant where he or she has more familiarity or competence with the law, or has been put on notice as to the possibility of sanctions. *See Baasch*, 827 F. Supp. at 944 (imposing sanctions where *pro se* plaintiff had "shown some competence in finding and understanding the law," the court had explained to plaintiff why his claims had failed and made him "fully aware of the legal and factual requirements of his claims," and had also warned plaintiff about possible sanctions, and plaintiff had nonetheless filed a motion for a new trial); *Smith v. Education People, Inc.*, 233 F.R.D. 137, 142-43 (S.D.N.Y. 2005) (imposing sanctions where *pro se* litigants "have shown great energy and self-professed sophistication" in the relevant law and were familiar with Rule 11 sanctions); *Colida*, 2008 WL 4517188, at *12 (imposing sanctions where *pro se* plaintiff had been warned about sanctions and had previously been involved in "a case remarkably similar to the instant one").

      Based on these legal principles, Mr. Chien is a textbook example of a *pro se* litigant against whom sanctions are appropriate. Given the previous litigation on this matter, Mr. Chien was familiar with the law and had already been informed that his claims were frivolous. More importantly, he was intimately familiar with the possibility of sanctions, having been subject to them already. Furthermore, Defendants specifically put Mr. Chien on notice that they would seek sanctions if he pursued the second action and it was ultimately dismissed. *See* Defs.' Memo [doc. # 38] at 2. "Where, as here, a Court clearly places a *pro se* litigant on notice that his or her practice is sanctionable, the *pro se* litigant cannot be heard to complain that sanctions ought not be imposed because he or she is *pro se*. Such a result is unfair to the *pro se* litigant's adversary." *Baasch*, 827 F. Supp. at 944.

      The only remaining issue to be decided is the amount of sanctions. Again, the legal standard

has been previously set out by this Court in an action involving these parties, and thus it will not be reiterated here. *See Chien*, 256 F.R.D. at 76-78. Under the PSLRA, the presumption is that the appropriate sanction is full attorneys' fees and expenses. *See* 15 U.S.C. § 78u-4(c)(3)(A)(ii). This presumption may be rebutted by a showing that "the award of attorneys' fees and other expenses will impose an unreasonable burden on [the sanctioned] party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed." 15 U.S.C. § 78u-4(c)(3)(B)(i).

When the Court previously imposed sanctions on Mr. Chien, the Court determined the reasonable attorneys' fees and expenses, then discounted that amount by half to account for the unreasonable burden on Mr. Chien and his then-attorney. *See Chien*, 256 F.R.D. at 77-78. The Court stated that it was "comfortable that [a sanction of $8,562.50] adequately punishes the violation and will deter future frivolous lawsuits by . . . Mr. Chien." *Id*. Defendants now urge the Court to impose the full amount of attorneys' fees and expenses, reasoning that the previous sanctions failed to deter Mr. Chien. Def.'s Memo [doc. # 38] at 14.[1] Defendants' calculate their fees and expenses as $35,176.52 ($34,098.50 in attorneys' fees and $1078.02 in expenses). *See* Decl. of Timothy M. Herring in Supp. of Mot. for Sanctions [doc. # 37] ("Herring Decl.") ¶ 5; Supplemental Decl. of Jody

---

[1] Mr. Chien has not paid the sanctions ordered by the Court. Defendants urge the Court to issue a new order again requiring payment of the sanctions. The Court sees no reason to do so. The Court's previous sanctions order stands, and Mr. Chien has appealed both that order as well as the Court's ruling dismissing his case. However, the Court takes the opportunity to alert Mr. Chien to Rule 16(g)(2) of the District's Local Rules, which provides as follows: "The Clerk shall not accept for filing any paper from an attorney or pro se litigant against whom a final order of monetary sanctions has been imposed until the sanctions have been paid in full. Pending payment, such attorney or pro se litigant also may be barred from appearing in court. An order imposing monetary sanctions becomes final for purposes of this local rule when the Court of Appeals issues its mandate or the time for filing an appeal expires."

Borrelli in Supp. of Mot. for Sanctions [doc. # 40] ("Borrelli Decl.") ¶¶ 5-7.

Having reviewed the billing sheets of defense counsel (Herring Decl. [doc. # 37] Ex. A; Borrelli Decl. [doc. # 40] Ex. A) and considered their hourly rates, the Court finds the amounts sought are reasonable. In particular, the Court finds that the hourly rates for the lawyers and personnel involved are reasonable and customary, and that the time devoted to this second action was also reasonable, particularly given the changing nature of the action following Mr. Chien's motions to amend. The Court also finds that the costs sought are reasonable. However, in his Memorandum in Support of his Motion to Dismiss Defendants' Motions for Sanctions [doc. # 44], Mr. Chien claims that he does not have the ability to pay sanctions, as his business has been hurt by the financial crisis and he is currently paying education expenses for his two children. The Court is sympathetic to Mr. Chien's plight, but he has also inflicted substantial costs on Defendants. The Court concludes that a full award of attorneys' fees and expenses would constitute an "unreasonable burden" on Mr. Chien, and further concludes that awarding only partial attorneys' fees and expenses would not impose a greater burden on Defendants. Therefore, the Court awards attorneys' fees of $10,000 and costs of $2,000, for a total sanction of $12,000 against Mr. Chien for his Rule 11 violations in this case. By increasing the sanction amount, the Court hopes that it will deter Mr. Chien from filing any further frivolous actions against these Defendants. This is the second time that this Court has been lenient towards Mr. Chien in determining a sanction amount. Mr. Chien should not expect such leniency a third time.

In conclusion, the Court GRANTS in part and DENIES in part Defendants' Motion for Sanctions [doc. # 36], and DENIES Mr. Chien's Motion to Dismiss Defendants' Motion for Sanctions [doc. # 43]. As there is no basis in law or fact for Mr. Chien's Motion for Sanctions [doc.

# 41], that motion is also DENIED. Finally, Mr. Chien's Motion for Enlargement of Time to Submit Affidavit [doc. # 45] is DENIED as moot given the Court's ruling on the merits.

                                              IT IS SO ORDERED.

                                        /s/     Mark R. Kravitz
                                               United States District Judge

**Dated at New Haven, Connecticut: August 12, 2009.**